IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICKEY M. BROOKS,

    Petitioner,

v.                                                          CASE NO. 4:13-cv-57-WS-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,[1]

    Respondent.

_____/

# O R D E R

This matter is before the Court on Doc. 1, Petitioner's petition for a writ of habeas corpus. Petitioner has paid the filing fee. Petitioner is a state prisoner serving a sentence imposed in Leon County, Florida. Petitioner did not file his petition on the form for state prisoners challenging their convictions and sentences. Petitioner will be required to file an amended petition on the correct form before the Court undertakes further review of his claims.

Accordingly, it is **ORDERED:**

1. The Clerk shall send Petitioner a blank 28 U.S.C § 2254 petition form for state prisoners.

2. Petitioner shall file his original Amended Petition, together with two identical service copies, **on or before March 18, 2013.** Petitioner is advised that he is not required to file trial transcripts (i.e., the two copies of the trial transcripts included with his petition, nearly 500 pages) as the Respondent will file a complete record with its answer.

---

[1] Because Petitioner is an inmate in the custody of the Florida Department of Corrections (DOC), the Secretary of the DOC is the state officer who has custody of Petitioner, and therefore the Secretary is properly named by his official title as the Respondent in this case. *See* Fed. R. Civ. P. 17(d); Rule 2, Rules Governing Habeas Corpus Petitions under § 2254. The **Clerk** is directed to correct the docket accordingly.

3. Failure to comply with this Order within the allotted time will result in a recommendation to the District Judge that the case be dismissed without further notice.²

**DONE AND ORDERED** this 14th day of February 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

² Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period is tolled during the time in which a properly filed application for state post- conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).