IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICKEY M. BROOKS,

    Petitioner,

v.                                                                   CASE NO. 4:13-cv-57-WS-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and is currently pending pursuant to an Amended Petition. (Doc. 4.) The Petition stems from Petitioner's conviction for sexual battery while the victim is physically helpless. Petitioner raises one ground for relief in his petition: that the trial court erred in denying Petitioner's motion to suppress the results of a penile swab taken by law enforcement. (Doc. 4.) This matter is now before the Court on Doc. 13, Respondent's motion to dismiss the Petition for lack of jurisdiction or failure to state a claim because Petitioner already presented his Fourth Amendment claim in the trial and appellate courts. Petitioner has filed a response in opposition. (Doc. 20.) For the following reasons, the undersigned recommends that the motion to dismiss be granted.[1]

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## State-Court Proceedings

On June 19, 2010, Petitioner was arrested and charged with sexual battery on a victim 12 years or older, special conditions. He was later charged by information on June 30, 2010, with one count of sexual battery when the victim is physically helpless. (Exh. A.) A penile swab was taken from Petitioner at the time of his arrest, and testing indicated the presence of the victim's DNA on Petitioner's penile swab. Petitioner filed a motion to suppress the results of the penile swab on March 8, 2011, arguing that it was taken without his consent or a warrant, in violation of the Fourth Amendment. (Exh. A, pp. 29-31.) The trial court conducted an evidentiary hearing on the matter, and denied Petitioner's motion to suppress. (Exh. B, pp. 65-85.) The case proceeded to trial on March 9, 2011, and the jury returned a verdict finding Petitioner guilty as charged. (Exh. A, p. 40.) Petitioner was sentenced to 10 years imprisonment. (Exh A, p. 46.) Petitioner, through counsel, appealed his conviction and sentence. (Exh. C.) One of the issues he appealed was the denial of the motion to suppress the results of the penile swab. The First DCA *per curiam* affirmed without written opinion. (Exh. E.) Petitioner filed a motion for rehearing and certification of question of great importance as to the penile swab issue (Exh. F), which was denied by the First DCA, with mandate issuing June 11, 2012. (Exhs. G, H.) Petitioner filed the instant habeas petition in February 2012. (Doc. 1.)

## Discussion

Petitioner's sole claim in the instant habeas petition is that the trial court erred in denying his motion to suppress the results of the penile swab. (Doc. 4.) The Supreme Court has held that "where the State has provided an opportunity for full and fair

litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell,* 428 U.S. 465, 494 (1976). "Full and fair consideration" in the context of Fourth Amendment claims includes "at least one evidentiary hearing in a trial court and the availability of meaningful appellate review when there are facts in dispute, and full consideration by an appellate court when the facts are not in dispute." *Bradley v. Nagle*, 212 F.3d 559, 564-65 (11th Cir. 2000) (quoting *Caver v. Alabama*, 577 F. 2d 1188, 1191 (5th Cir. 1978)).[2]

    The record discloses that Petitioner filed a motion to suppress prior to trial. After an evidentiary hearing, the trial court denied the motion on its merits. At the hearing, evidence was presented, argument on the merits of his claim were heard, a ruling on the merits was made, and the denial of his motion to suppress was fully litigated as an issue on direct appeal. Petitioner does not contend that he was denied the opportunity to present facts to the trial court or to argue the issue before an appellate court.[3] He in fact did both. Rather, he challenges the decision of the trial court. The record

---

[2] The Eleventh Circuit has adopted the decisions of its predecessor court, the Fifth Circuit decided prior to September 30, 1981, as binding precedent. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[3] In his response to the motion to dismiss, Petitioner refers to audiotape interviews of the victim that his counsel received in the days prior to the hearing. In one of these tapes, the victim stated at the end of an interview that she was not drunk or incapacitated. Petitioner's counsel received permission to use the recordings to impeach the victim. The trial court found that there was an inadvertent discovery violation that did not prejudice Petitioner. (Exh. A, pp. 85-87.) The content of the tapes was known to trial counsel prior to the hearing on the motion to suppress and was not relevant to the issues in the hearing. The main issue in the motion to suppress was whether exigent circumstances existed to obtain the swab without consent or a warrant. The victim's statements on the audio tape were not relevant to that issue.

demonstrates that Petitioner was afforded the opportunity to fully and fairly litigate his Fourth Amendment claim in state court. Accordingly, this Court is precluded from reviewing this claim on federal habeas review.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the motion to dismiss, Doc. 13, should be **GRANTED,** this case be should **DISMISSED** with prejudice, and a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 15th day of January 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**